**DISMISS; and Opinion Filed April 4, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00143-CV

### CARL CRENSHAW, Appellant
### V.
### THE HOUSING AUTHORITY OF THE CITY OF DALLAS, TEXAS—CLIFF MANOR, Appellee

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-00061-A**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Osborne

Pro se appellant Carl Crenshaw appeals the trial court's judgment that appellee The Housing Authority of the City of Dallas, Texas—Cliff Manor ("DHA") is entitled to possession of premises on Fort Worth Avenue in Dallas. The Court previously determined that appellant's brief was deficient and instructed him to file an amended brief that complies with the Texas Rules of Appellate Procedure. Our July 13, 2018 notice to appellant stated that "[f]ailure to file an amended brief that complies with the Texas Rules of Appellate Procedure within 10 days from the date of this letter may result in dismissal of this appeal without further notice from the Court." We granted appellant two further extensions to file an amended brief, again cautioning him that "failure to file the brief may result in dismissal of the appeal without further notice." Appellant did

not file an amended brief. Because his brief does not comply with long-established briefing rules, we dismiss appellant's appeal.

On December 4, 2017, DHA filed a sworn complaint for forcible detainer requesting a judgment for possession of Apartment 1203, 2423 Fort Worth Avenue in Dallas. DHA pleaded that appellant occupies the premises under a lease with DHA; appellant was in "direct violation" of section 11(t)(5) of the lease, which provides that "If Tenant, household members, guests or other persons under Tenant's control are subject to a lifetime registration requirement under State Sex Offender registration laws, the lease shall be terminated immediately"; and DHA "discovered that Defendant is a registered sex offender who is required to submit to a lifetime registration." The justice court rendered judgment for DHA on December 18, 2017. On appeal from the justice court, the trial court rendered judgment for possession of the premises to DHA on February 8, 2018. *See* TEX. R. CIV. P. 510.9–.13 (trial de novo in county court of right to immediate possession of premises); *Gutierrez v. Gonzalez*, No. 05-16-00631-CV, 2017 WL 2729901, at *2 (Tex. App.—Dallas June 26, 2017, pet. denied) (mem. op.) (jurisdiction over forcible entry and detainer actions expressly given to justice courts, and on appeal, to county courts at law de novo). This appeal followed.

Parties to civil litigation in Texas may represent themselves at trial or on appeal. TEX. R. CIV. P. 7; *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). The right of self-representation carries with it the responsibility to comply with our rules of appellate procedure. *Bolling*, 315 S.W.3d at 895 (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). Courts regularly caution pro se litigants that courts will not treat them differently from a party who is represented by a licensed attorney. *See Mansfield*, 573 S.W.2d at 184–85; *Bolling*, 315 S.W.3d at 895.

Our appellate rules have specific requirements for briefing. TEX. R. APP. P. 38. These rules require appellants to state concisely their complaints, to provide succinct, clear, and accurate arguments for why their complaints have merit in law and fact, to cite legal authority that is applicable to their complaints, and to cite appropriate references in the record. TEX. R. APP. P. 38.1(f), (h), (i). To comply with rule 38.1(f), an appellant must articulate the issues we will be asked to decide. *Bolling*, 315 S.W.3d at 896. "[W]e must be able to discern what question of law we will be answering." *Id.* The brief fails if we must speculate or guess about the appellant's contentions. *Id.*

We may discharge our responsibility to review an appeal and make a decision that disposes of an appeal only when we are provided with proper briefing. *Id.* at 895. We are not responsible for identifying possible trial court error, for searching the record for facts that may be favorable to a party's position, or for doing legal research that might support a party's contention. *Id.*; *see Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 283–84 (Tex. 1994). "Were we to do so, even for a pro se litigant untrained in law, we would be abandoning our rule as judges and become an advocate for that party." *Bolling*, 315 S.W.3d at 895. We do not adhere to rigid rules about the form of briefing when deciding whether an appellant's brief is deficient. We do, however, examine briefs for compliance with the briefing rules. After a close examination, if we can conclude a brief complies with the Texas Rules of Appellate Procedure, we submit the appeal for review and decision on the merits. If we cannot, we may dismiss the appeal as we are authorized to do by our appellate rules. TEX. R. APP. P. 42.3(c); *Bolling*, 315 S.W.3d at 895–96.

Appellant's brief was due on June 13, 2018. He requested and received an extension of time from this Court until July 13, 2018. On July 6, 2018, appellant filed a one-paragraph letter requesting this Court to "reevaluate my case." The Clerk of the Court sent appellant a notice that his brief contained fourteen deficiencies of form and substance. Among other deficiencies, the

brief does not contain a concise statement of the facts supported by record references, a statement of the case, the issues or points presented for review, a statement of the arguments made, or citations to authorities. *See* TEX. R. APP. P. 38.1(d), (f), (g), (h), (i). On July 25, 2018, and August 20, 2018, we granted appellant two further extensions to file an amended brief.

Appellant has not filed an amended brief. Because he has failed to comply with the briefing requirements of our appellate rules after having been given the opportunity to do so, we dismiss appellant's appeal.

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

180143F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CARL CRENSHAW, Appellant

No. 05-18-00143-CV  V.

THE HOUSING AUTHORITY OF THE
CITY OF DALLAS, TEXAS—CLIFF
MANOR, Appellee

On Appeal from the County Court at Law
No. 1, Dallas County, Texas
Trial Court Cause No. CC-18-00061-A.
Opinion delivered by Justice Osborne;
Justices Myers and Nowell, participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered this 4th day of April, 2019.